**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108724

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GINAS,<br><br>Plaintiff,<br><br>vs.<br><br>ARS NATIONAL SERVICES, INC.,<br><br>Defendant. | Docket No: **'15CV0935 AJB  JMA**<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

CHRISTOPHER GINAS (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARS NATIONAL SERVICES, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788 et. seq..

### JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of California.

**PARTIES**

5.      Plaintiff is an individual who is a citizen of the State of New York.

6.      Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7.      On information and belief, Defendant's principal place of business is located in ESCONDIDO, CALIFORNIA.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10.      Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11.      Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12.      At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13.      In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

14.      Defendant's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

15.      As set forth in the following Counts, Defendant's communication violated the FDCPA and The Rosenthal Act.

**ACCOUNT NUMBER (PART 1 OF 2)**

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692f**
**Unfair Practices**

16.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18.    15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

19.    § 1692f(8) applies to language visible through a transparent window of an envelope. *See, Douglass v. Convergent Outsourcing*,  765 F.3d 299  (3rd Cir 2014).

20.    § 1692f(8) prohibits the debt collector's disclosure of the debtor's account number on the envelope.

21.    Defendant disclosed Plaintiff's account number in its mailing to Plaintiff.

22.    Defendant has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

ACCOUNT NUMBER (PART 2 OF 2)
**SECOND COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

23.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

24.    California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

25.    Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

26.    Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

27.    Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

28.    California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

29.     California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

30.     California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

31.     Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

**CREDITOR NAME UNCLEAR IN OTHER CORRESPONDENCE (PART 1 OF 2)**
**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

32.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

35.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

36.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

37.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

38.     Here [INSERT SPECIFIC ALLEGATIONS HERE]

39.     The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

40.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

4

==CREDITOR NAME UNCLEAR IN OTHER CORRESPONDENCE (PART 2 OF 2)==
**FOURTH COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

41.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42.     California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

43.     Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

44.     Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

45.     Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

46.     California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

47.     California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

48.     California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

49.     Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

==CREDITOR NAME UNCLEAR IN VALIDATION (PART 1 OF 3)==
**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

50.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

52.    One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).

53.    A debt collector has the obligation, not just to convey "the name of the creditor to whom the debt is owed," but also to convey such clearly.

54.    Even if a debt collector conveys the required information, the collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

55.    When determining whether "the name of the creditor to whom the debt is owed," has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

56.    Here,  [INSERT SPECIFIC ALLEGATIONS]

57.    Defendant has violated § 1692g as it failed to clearly convey the "creditor to whom the debt is owed."

**CREDITOR NAME UNCLEAR IN VALIDATION (PART 2 OF 3)**
**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

58.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

60.    Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

61.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

62.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

63.     Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

64.     The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

65.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CREDITOR NAME UNCLEAR IN VALIDATION (PART 3 OF 3)
### SEVENTH COUNT
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

66.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67.     California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

68.     Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

69.     Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

70.     Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

71.     California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

72.     California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

73.     California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

74.     Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

**MEANINGFUL INVOLVEMENT (PART 1 OF 3)**
**EIGHTH COUNT**
**Violation of 15 U.S.C. § 1692e(3)**
**False or Misleading Representations**

75.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

76.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

77.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

78.    15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

79.    Here, Defendant's use of the terms [INSERT STATEMENT HERE] . . . . . . . . . . . . (This legal statement contradicts and overshadows the disclaimer that "no attorney with this firm has personally reviewed the particular circumstances of your account." The threatening language such as "legal action," "judgment," and "court costs" could give the least sophisticated consumer the impression of impending litigation. "legal dispute," "legal defense," and "cost of litigation" "legal action," "judgment," "court costs," and "attorney fees" . . . coupled with an attorney's signature, overshadows the express disclaimer that no attorney had reviewed the file)

80.    Defendant violated § 1692e by making a false representation or implication that any individual is an attorney or that any communication is from an attorney.

**MEANINGFUL INVOLVEMENT (PART 2 OF 3)**
**NINTH COUNT**
**Violation of 15 U.S.C. § 1692e(10)**
**False or Misleading Representations**

81.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

83.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

84.    § 1692e(10) prohibits the use of any false representation or deceptive means to

collect or attempt to collect any debt or to obtain information concerning a consumer.

85.     The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct described herein.

86.     Defendant has violated § 1692e(10) by using a false, deceptive and misleading representation in its attempt to collect a debt, as described herein.

**MEANINGFUL INVOLVEMENT (PART 3 OF 3)**
**TENTH COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

87.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88.     California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

89.     Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

90.     Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

91.     Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

92.     California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

93.     California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

94.     California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

95.     Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

**OVERSHADOW BY DEMAND FOR PAYMENT (PART 1 OF 3)**
**ELEVENTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

96.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

98.     The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

99.     The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

100.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

101.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

102.    Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

103.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

104.    Demanding immediate payment without explaining that such demand does not override the consumers right to validation is a violation of the FDCPA.

105.    Defendant has demanded Plaintiff make payment during the validation period.

106.   Defendant has demanded Plaintiff make payment during the validation period, without explaining that such demand does not override the Plaintiff's right to demand validation.

107.   Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

**OVERSHADOW BY DEMAND FOR PAYMENT (PART 2 OF 3)**
**TWELFTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

108.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

109.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

110.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

111.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

112.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

113.   Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

114.   The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

115.   Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**OVERSHADOW BY DEMAND FOR PAYMENT (PART 3 OF 3)**
**THIRTEENTH COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

116.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

117.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

11

FDCPA.

118.   Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

119.   Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

120.   Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

121.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

122.   California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

123.   California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

124.   Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

**OVERSHADOW BY OTHER CONDUCT (PART 1 OF 3)**
**FOURTEENTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

125.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

126.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

127.   The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

128.   The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

12

the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

129.   The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

130.   A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

131.   Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

132.   A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

133.   Here, Defendant [INSERT SOMETHING HERE]

134.   Defendant has violated § 1692g as [INSERT SOMETHING HERE]


**OVERSHADOW BY OTHER CONDUCT (PART 2 OF 3)**
**FIFTEENTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**


135.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

136.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

137.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

138.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

139.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

140.   Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

13

141.   The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

142.   Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## OVERSHADOW BY OTHER CONDUCT (PART 3 OF 3)
### SIXTEENTH COUNT
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

143.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

144.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

145.   Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

146.   Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

147.   Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

148.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

149.   California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

150.   California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

151.   Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

**OVERSHADOW BY PHONE NUMBER (PART 1 OF 3)**
**SEVENTEENTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

152.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

153.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

154.    The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

155.    The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

156.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

157.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

158.    Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

159.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

160.    A debt collector's initial letter may include a phone number to call as a convenience to a debtor, so long as no emphasis is placed on the phone number in any way.

161.    Defendant's letter includes a phone number for the Plaintiff to call.

162.    The phone number is emphasized in that it is [INSERT SOMETHING HERE]

163.    Defendant has violated § 1692g as its provision of a phone number in this

15

circumstance overshadows Plaintiff's rights during the validation period.

**OVERSHADOW BY PHONE NUMBER (PART 2 OF 3)**
**EIGHTEENTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

164.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

165.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

166.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

167.    Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

168.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

169.    Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

170.    The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

171.    Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**OVERSHADOW BY PHONE NUMBER (PART 3 OF 3)**
**NINETEENTH COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

172.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

173.    California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

174.    Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

175.    Because Defendant's conduct, as described herein, violates the FDCPA, it also

violates California Civil Code § 1788.17.

176.   Defendant's conduct, as described herein, violates multiple provisions of the Rosenthal Act.

177.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of The FDCPA.

178.   California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

179.   California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

180.   Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

**OVERSHADOW BY SPANISH (PART 1 OF 3)**
**TWENTIETH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

181.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

182.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

183.   The written notice must contain the amount of the debt.

184.   The written notice must contain the name of the creditor to whom the debt is owed.

185.   The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

186.   The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

187.   The written notice must contain a statement that, upon the consumer's written

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

188.   A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

189.   Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

190.   A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

191.   Defendant included in its letter to Plaintiff certain writing in Spanish.

192.   The inclusion of Spanish in a letter to an English-speaking consumer is confusing and leaves the consumer uncertain of her rights.

193.   The inclusion of Spanish in a letter to the "least sophisticated consumer" is confusing and leaves the "least sophisticated consumer" uncertain as to her rights.

194.   Defendant has violated § 1692g as the inclusion of Spanish in the letter overshadows the information required to be provided by that Section.

**OVERSHADOW BY SPANISH (PART 2 OF 3)**
**TWENTY-FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

195.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

196.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

197.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

198.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

199.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

18

200.    Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

201.    The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

202.    Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**OVERSHADOW BY SPANISH (PART 3 OF 3)**
**TWENTY-SECOND COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

203.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

204.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

205.    California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

206.    Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

207.    Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

208.    Defendant's conduct, as described herein, violates multiple provisions of the Rosenthal Act.

209.    California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

210.    California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

211.    California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

212.    Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

19

**OVERSHADOW BY THREATENING WORDS (PART 1 OF 3)**
**TWENTY-THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

213.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

214.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

215.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

216.   The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

217.   Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

218.   A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

219.   Here, Defendant's letter to plaintiff includes [INSERT TEXT HERE]

220.   Defendant has violated § 1692g as the above referenced language overshadows the information required to be provided by that Section.

**OVERSHADOW BY THREATENING WORDS (PART 2 OF 3)**
**TWENTY-FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

221.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

222.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

223.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

224.   Collection notices are deceptive if they can be reasonably read to have two or more

different meanings, one of which is inaccurate.

225.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

226.   Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

227.   The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

228.   Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**OVERSHADOW BY THREATENING WORDS (PART 3 OF 3)**
**TWENTY-FIFTH COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

229.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

230.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

231.   Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

232.   Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

233.   Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

234.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

235.   California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

236.   California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

237.   Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

**COA SERVICE FEE (PART 1 OF 3)**
**TWENTY-SIXTH COUNT**
**Violation of 15 U.S.C. § 1692f**
**Unfair Practices**

238.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

239.   15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

240.   § 1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

241.   Defendant's letter sets forth that Defendant charges a processing fee for payments made.

242.   Such processing fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

243.   Defendant has violated § 1692f by charging a processing fee.

**COA SERVICE FEE (PART 2 OF 3)**
**TWENTY-SEVENTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

244.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

245.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

246.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

247.   § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

248.   § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

249.   Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a processing fee.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

250.   The "least sophisticated consumer" would likely be deceived in a material way by the processing fee language into believing that Defendant was legally entitled to collect the fee.

251.   Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## COA SERVICE FEE (PART 3 OF 3)
## TWENTY-EIGHTH COUNT
### Violation of the Rosenthal Fair Debt Collection Practices Act
### California Civil Code §§ 1788-1788.32

252.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

253.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

254.   Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

255.   Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

256.   Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

257.   California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

258.   California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

259.   California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

260.   Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

## JURY DEMAND

261.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.    Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b.    Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.    Damages against Defendant pursuant to The Rosenthal Act §1788.30.

d.    Plaintiff's costs; together with

e.    Such other relief that the Court determines is just and proper.

DATED: April 21, 2015

**BARSHAY SANDERS PLLC**

By:  _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108724